# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| **Susan Clark**<br><br>Plaintiff,<br><br>v.<br><br>**Giant Food, LLC**<br><br>　　Serve: **CSC-Lawyers Incorporating Service Company**<br>　　　　　7 St. Paul Street<br>　　　　　Suite 820<br>　　　　　Baltimore, MD 21202<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br>**&**<br>**JURY TRIAL DEMAND** |

## COMPLAINT

Plaintiff Susan Clark, by and through her undersigned counsel, files this civil action Complaint against Defendant Giant Food, LLC, for unlawful age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, and the Maryland Fair Employment Practices Act, Md. Code Ann. §§ 20-601 *et seq.*, and asserts the following:

### PARTIES

1. Ms. Clark is a resident of Henderson, Caroline County, Maryland. Ms. Clark has been employed by Giant since 1994—formerly as Deli Manager and presently as a cashier.

2. Giant is a Maryland company with its principal place of business in Landover, Maryland. Giant regularly conducts and directs business in the State of Maryland.

### JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 for the claims arising out of the violations of the Age Discrimination in Employment Act. This Court has supplemental jurisdiction under 28 U.S.C.

§ 1367(a) for all other claims asserted in this Complaint because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

4. This Court has personal jurisdiction over Giant under Md. Courts Jud. Pro. Code Ann. §§ 6-102(a) and 6-103(b)(3) because Giant maintains their principal place of business in Maryland and caused tortious injury in Maryland by an act or omission in Maryland.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Giant resides within this District and a substantial part of the events or omissions supporting this Complaint occurred within this District.

6. Ms. Clark has exhausted her administrative remedies and is filing this Complaint within 90 days of receiving her "Notice of Right to Sue" from the Equal Employment Opportunity Commission.

## FACTS COMMON TO ALL COUNTS

7. Ms. Clark has worked for Giant since 1994 in Easton, Maryland.

8. At all times relevant, Ms. Clark was over 40 years old.

9. Ms. Clark was employed as Deli Manager for ten years and has a documented history of superior service.

10. While she worked in the deli, Ms. Clark's direct supervisor was Bob Lewis, the Perishable Manager.

11. Ms. Clark had a cordial relationship with Mr. Lewis until the events giving rise to this Complaint.

12. In September 2019, Mr. Lewis ordered Ms. Clark to begin training Jill Ganson—37 years old—as Deli Lead.

13. Ms. Clark thought this was unusual because she already had a Deli Lead: Ann Woolford, who was 67 years old and had been working in the deli for 27

years, but Ms. Clark assumed Mr. Lewis had his reasons, and followed his instructions.

14.     In January 2020, Mr. Lewis's demeanor towards Ms. Clark changed. He began verbally criticizing her work loudly and in front of both coworkers and customers. He would also routinely summon her to the manager's office multiple times per day with no real reason, often just before Ms. Clark was scheduled to leave for the day.

15.     While Mr. Lewis's treatment of Ms. Clark continued to worsen, he treated the younger Ms. Ganson exactly the opposite; Mr. Lewis would often even praise Ms. Ganson for work that Ms. Clark had actually done.

16.     On February 28, Mr. Lewis issued Ms. Clark a two-day suspension without any prior warning and without following the proper administrative procedures.

17.     As he handed Ms. Clark the disciplinary note, Mr. Lewis asked, "Do you believe in Jesus?" and walked away.

18.     Ms. Clark had never received any type of disciplinary action prior to February 28.

19.     On March 10, Ms. Clark notified the Store Manager, Sonny Lindenberger, of Mr. Lewis's continued harassment.

20.     Despite assurances to the contrary, Mr. Lindenberger did nothing to stop Mr. Lewis's conduct.

21.     On April 28, Mr. Lewis moved the deadline by which Ms. Clark would have to complete her periodic inventory of the deli to 11:00 a.m. going forward, which was substantially earlier than it had been and would force Ms. Clark to rush the process and likely make errors.

22.     Ms. Clark's was the only department that was required to meet this new deadline.

23. On April 29, Ms. Clark's physician recommended she take "stress leave" until May 13.

24. Mr. Lewis's conduct did not improve after Ms. Clark returned to work, however, and in June she began psychiatric counseling to deal with the trauma it was causing.

25. On June 21, her first day back from an eight-day vacation, Ms. Clark was summoned to the manager's office. With no prior warning, Ms. Clark was informed that she was being suspended for two days, being demoted from Deli Manager to cashier, and being transferred to another store.

26. Ms. Clark was not given any explanation as to why she was being punished at this time.

27. On June 24, Ms. Clark learned that Ms. Ganson had been promoted to her former position as Deli Manager.

28. On June 29, Ms. Clark met with a Human Resources representative who informed her that the purported reason for her demotion was based on written accusations by some of Ms. Clark's Deli Clerks.

29. Neither Ms. Clark nor her Union Representative were permitted to see the statements.

## COUNT I – AGE-BASED DESCRIMINATION

30. Ms. Clark re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

31. In wrongfully demoting her from her position as Deli Manager, Giant discriminated against Ms. Clark solely because of her age.

32. Giant committed an unlawful employment practice.

33. The unlawful employment practices charged in this Complaint were committed by Giant through its agent and representative, Mr. Lewis, purposefully and intentionally.

## COUNT II – DISPARATE TREATMENT

34. Ms. Clark re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

35. Ms. Clark was as or more qualified than Ms. Ganson when they both worked in the deli.

36. Despite her superior qualifications, Giant demoted Ms. Clark to a less prestigious position and paid her a lower salary while promoting Ms. Ganson.

## COUNT III – HOSTILE WORK ENVIRONMENT

37. Ms. Clark re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

38. Ms. Clark was subject to unwelcome harassment in the form of constant degrading and chastising comments by Mr. Lewis in front of both coworkers and customers.

39. Mr. Lewis harassed Ms. Clark because of her age.

40. The harassment was so severe that the conditions of Ms. Clark's employment were altered.

41. There is a basis for imposing liability on Giant because Mr. Lewis was Ms. Clark's direct supervisor.

**WHEREFORE,** Ms. Clark demands judgment against Giant as follows:

a. That the Court order Giant to immediately restore Ms. Clark to her previous position;

b. That the Court order Giant to pay Ms. Clark all compensation she would have received had she not been improperly demoted;

c. That the Court award Ms. Clark compensatory and punitive damages in an amount to be proven at trial;

d. That the Court award Ms. Clark the costs of this action, including reasonable attorney fees; and

    e.  Any additional relief the Court deems appropriate.

Dated: December 10, 2020

Respectfully Submitted,

By: _____/s/_____
Mark W. Howes, Esq.
Federal Bar No. 09489
Law Offices of Mark W. Howes, LLC
1906 Towne Centre Boulevard
Suite 275
Annapolis, Maryland 21401
(410) 266-1041
(410) 266-1449 (fax)
mwhowes@markhoweslaw.com

By: _____/s/_____
Alexander J. Sass
Federal Bar No. 21206
Law Offices of Mark W. Howes, LLC
1906 Towne Centre Boulevard
Suite 275
Annapolis, Maryland 21401
(410) 266-1041
(410) 266-1449 (fax)
asass@markhoweslaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury on all issues so triable that are raised in this action.

_____/s/_____
Mark W. Howes, Esq.