IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SUSAN CLARK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-20-3582 |
| GIANT FOOD, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Susan Clark ("Plaintiff") filed a Complaint against her employer, Giant Food, LLC ("Giant"), alleging that she was subjected to a hostile work environment and was demoted because of her age. ECF 1. Discovery is now concluded. Giant filed a motion for summary judgment, ECF 26, which I have reviewed along with the relevant exhibits, opposition, and reply. ECF 27, 30. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, I will grant Giant's Motion.

I.   FACTUAL BACKGROUND

The facts contained herein are taken in the light most favorable to Plaintiff, the non-moving party. Plaintiff began working in a Giant store in Easton, Maryland in 1994, as a union employee. ECF 26-2 at 14:17-19, 15:11-14, 23:12-14. She became the Deli Manager in 2010, and served in that role until June, 2020. *Id.* at 11:18-22; 15:6-10. As a manager, Plaintiff was aware of Giant's anti-harassment and anti-discrimination policies and the requirement that employees report any discrimination or harassment to management. *Id.* at 47:6-48:14. Plaintiff's immediate supervisor was the Perishable Manager, Robert Lewis, who is older than Plaintiff. *Id.* at 10:7-10. Until the

end of February, 2020, Plaintiff had not been disciplined for poor performance in nearly 30 years of employment at Giant. *Id.* at 11:7-9.

Although they had worked well together for years, beginning in January, 2020, Lewis regularly criticized Plaintiff's work. *Id*. at 44:13-15. He would regularly shout at Plaintiff, sometimes in view of customers. *Id.* at 43:20-44:3. He would also hide certain deli items to set her up for failure. *Id.* at 62:9-16. He even cornered her in a freezer and screamed at her while blocking her egress. *Id.* at 60:15-61:22. Lewis also praised younger employees for work he knew Plaintiff had performed. *Id*. at 11:14-15. He did not, however, make any mention of her age or make age-related comments or jokes. *Id.* at 10:5-22. In February, 2020, Plaintiff and her Deli Lead, Betty Ann Woolford, performed their monthly inventory inaccurately. *Id.* at 16:21-18:1, 21:19-22:3, 23:22-27:14. Giant responded by immediately suspending Plaintiff and Woolford, both of whom were over 40 years of age at the time, without warning. *Id.* at 28:14-29:18. After the union representative became involved, Giant dropped the suspensions. *Id.* at 30:1-10.

Beginning in March, 2020, some of Plaintiff's coworkers reported allegations that Plaintiff engaged in food safety violations and other misconduct. ECF 26-3 (Lewis Decl.) ¶¶ 9; 12-15. Moreover, Plaintiff's April, 2020 inventory also proved inaccurate. ECF 26-2 at 76:4-15. As a result of those circumstances and allegations, Giant again suspended Plaintiff pending investigation, and then demoted her from Deli Manager to cashier without conducting the investigation. *Id.* at 64:6-8; 101:18-102:6.

At that time, Giant promoted Jill Ganson to Deli Manager. *Id.* at 127:20-128:2. Ganson was a 37-year-old employee who once walked off in the middle of her shift but was rehired and received no discipline. *Id.* at 158:19-159:6.

2

## II.     LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id*. The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id*. at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id*. at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id*. at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id*. at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id*. at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id*. at 352 (quoting *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a

court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

## III.  ANALYSIS

Plaintiff's Complaint asserts three counts in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("the ADEA") and the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-601 *et seq.*: (1) age-based discrimination; (2) disparate treatment; and (3) hostile work environment. Counts One and Two are essentially the same, alleging that Plaintiff was demoted because of her age while a younger person was promoted to her position. Those counts will therefore be discussed together below.

### A.  Discriminatory Demotion

Plaintiff suggests that she was demoted on the basis of her age, substantiated by the fact that a younger person was selected to replace her. The ADEA prohibits employers from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Maryland law provides analogous protections pursuant to Md. Code Ann, State Gov't § 20-606(a)(1)(i), and claims under that statute are analyzed using the same standard as ADEA claims. *Avant v. S. Md. Hosp., Inc.*, Civ. No. GFH-13-02989, 2015 WL 435011, at *9 (D. Md. Feb. 2, 2015).  To establish an ADEA disparate treatment claim, a plaintiff must prove that age was a "but-for" cause of her employer's adverse decision. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (citing *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639, 652-55 (2008); *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 63-64, and n. 14 (2007)). In other

4

words, she must show that even if there were other contributing factors, she would not have been demoted except for age discrimination.

Here, Plaintiff has adduced insufficient evidence that her age was a but-for cause, or even a motivating cause, of her demotion. She concedes that she has no direct evidence of discriminatory animus, such as any disparaging statements regarding older individuals. ECF 27 at 4 ("Clark does not dispute the absence of direct evidence in this case."). Thus, to establish a claim of discriminatory treatment under the ADEA, in the absence of any direct evidence that discrimination affected her demotion, Plaintiff would have to rely on the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). That framework requires a plaintiff to establish a prima facie case of discrimination, which requires proof of "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see also Avant*, 2015 WL 435011, at *9 (applying the *McDonnell Douglas* framework to employment discrimination claims under Maryland state law). If a plaintiff meets her burden to establish a prima facie case of discrimination, the burden shifts to the defendant to proffer a legitimate, non-discriminatory reason for the disputed employment action. *See Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 255-56 (1981). Where a defendant successfully rebuts the presumption raised by the plaintiff's prima facie case, then the plaintiff has the burden of proof to establish "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* at 253. Although *McDonnell Douglas* involved a claim of racial discrimination in violation of Title VII, the Fourth Circuit has used its framework to consider cases involving ADEA age discrimination claims. *See Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019); *Warch v. Ohio*

5

*Cas. Ins. Co.*, 435 F.3d 510, 513 (4th Cir. 2006). *But see Gross*, 557 U.S. at 175 n.2 (stating that the Supreme Court "has not definitively decided whether the evidentiary framework of *McDonnell Douglas* . . . utilized in Title VII cases is appropriate in the ADEA context").

Here, assuming that the *McDonnell Douglas* framework applies, Plaintiff is unable to establish a prima facie case of disparate treatment, because she has not shown satisfactory performance or "different treatment from similarly situated employees outside the protected class." *Coleman*, 626 F.3d at 190. As to satisfactory performance, Plaintiff argues generally that Giant's evaluation of her overall solid work performance was unfair. However, it is well-established that it is the perception of the employer, as decisionmaker, that is relevant to the analysis of work performance. *See Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) (noting that it "is the perception of the decisionmaker which is relevant, not the self-assessment of the plaintiff" (quotation omitted)). Given her concession that, on at least two occasions, her inventory was inaccurate, and the evidence of multiple complaints about food safety from other deli employees, Plaintiff cannot establish that her work performance was meeting her employer's standards as required to prove a discrimination claim.

Plaintiff is also unable to establish that she was treated differently from a similarly situated employee. She does argue that Giant treated Ganson differently by promoting her despite the fact that she had once walked off the job in the middle of her shift. Ganson, however, cannot be described as "similarly situated" to Plaintiff, because her single mid-shift departure while not in a supervisory position is not analogous to a deli supervisor submitting two inaccurate inventories and having multiple complaints of food safety violations within a five-month period. Plaintiff cites no evidence of a younger supervisor with a similar disciplinary record who was permitted to remain in a supervisory role.

Even had Plaintiff been able to establish a prima facie case of discrimination, she has not adduced evidence that would allow a reasonable juror to conclude that Giant's nondiscriminatory reasons for her demotion were pretextual. Plaintiff argues that Giant's failure to investigate the complaints against Plaintiff prior to demoting her is sufficient to allow a jury to infer pretext. But this alleged failure to investigate, standing alone, plainly fails to demonstrate pretext, where Plaintiff concedes she submitted two inaccurate inventories and was subject to multiple complaints from her coworkers. Ultimately, because Plaintiff cannot meet her burden to establish a prima facie case of discrimination by showing that she was treated differently than a similarly situated younger employee, or that Giant's reliance on her poor performance was pretextual, summary judgment is warranted as to her discriminatory demotion counts, Counts One and Two.

**B. Hostile Work Environment**

In Count Three, Plaintiff alleges that Giant subjected her to a hostile work environment, which exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks omitted). In order to proceed to trial on this claim, Plaintiff must proffer evidence that: (1) she experienced unwelcome harassment; (2) the harassment was based on her age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *See Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The severity and pervasiveness of harassment is assessed "from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (internal quotation marks omitted).

Plaintiff's opposition highlights a lack of any evidence to establish the second factor. She alleges various affronts by her longtime supervisor, Lewis, beginning in January, 2020. But the ADEA does not guarantee workers a fair evaluation, a good relationship with their supervisors, or a pleasant work environment. It prohibits only mistreatment and harassment on the basis of age. Plaintiff cites no evidence which would permit a factfinder to ascertain or infer discriminatory animus on Lewis's part.[1] At least some evidence that the employee experienced harassment based on age is required to mount a viable ADEA hostile environment claim. *See Bass*, 324 F.3d at 765 (concluding that allegations "of a workplace dispute regarding [plaintiff's] reassignment and some perhaps callous behavior by her superiors . . . do not describe . . . severe or pervasive gender, race, or age based activity"). In the absence of any such evidence here, summary judgment must be granted for Giant on Count Three.

## IV.    CONCLUSION

For the reasons set forth above, Giant's Motion for Summary Judgment, ECF 26, must be GRANTED, and this case will be closed. A separate Order follows.


Dated: December 15, 2022                                    /s/
                                                      Stephanie A. Gallagher
                                                      United States District Judge

---

[1] In fact, both Lewis and the store manager, Sonny Lindenberger, are older than Plaintiff. ECF 26-2 at 10:7-13, 126:22-127:2; *see James v. Verizon,* 792 F. Supp. 2d 861, 869-70 (D. Md. 2011) ("Proof that the decision-maker is a member of the same protected class as [Plaintiff] weakens any possible inference of discrimination." (quotation omitted)).